IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-018-BO

| | |
|---|---|
| LATISHA TENIA JOYNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | O R D E R |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 24 & 26]. For the reasons discussed below, the plaintiff's motion is GRANTED and the matter is REMANDED to the agency for further consideration. The defendant's motion is DENIED.

## BACKGROUND

Plaintiff protectively filed an application for Title XVI Supplemental Security Income (SSI) payments on March 28, 2008. Plaintiff's applications were initially denied on October 16, 2008, and on reconsideration on February 2, 2009. At the plaintiff's request, a hearing was held in front of an ALJ on August 25, 2010. The ALJ issued a decision on September 22, 2010 finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review on November 22, 2011, making the ALJ's decision the final decision of the commissioner.

Plaintiff allegedly suffers from asthma, diabetes, chronic anemia, and lower back problems. On April 30, 2009, the North Carolina Department of Health and Human Services issued a letter indicating that the plaintiff was eligible for Medicaid. [Tr. 246].

1

## DISCUSSION

The plaintiff argues that the Commissioner's final decision was in error because the ALJ failed to consider the NCDHHS letter finding the plaintiff eligible for Medicaid. Social Security Ruling 06-03p provides guidelines for the treatment of evidence that may be presented to the ALJ despite not being from an "acceptable medical source." Specifically, the ruling notes that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p at *7. "[T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." *Id.* In *Alexander v. Astrue*, 2010 WL 4668312 *3 (E.D.N.C. 2010), Judge Flanagan found that it was reversible error for the ALJ to neglect to consider a Medicaid determination such as the one presented here. Likewise, in *Walton v. Astrue*, 2010 WL 2772498 (E.D.N.C. 2010), Judge Dever found that remand was appropriate where the ALJ "said nothing" about a NCDHHS decision. This Court agrees with the other courts in this District and finds that Social Security Ruling 06-03p requires the ALJ to consider the disability findings of companion agencies, like the NCDHHS. Because the hearing process places the ALJ in a remedial position, and not an adversarial one, he is under a heightened duty to investigate all the material evidence bearing on the claimant's condition. Where there is a coordinate, but not identical, investigation into the material circumstances of the plaintiff's health and disability, the ALJ should consider such evidence – it is plain error not to do so.

Here, ALJ Thawley failed entirely to consider the NCDHHS finding of disability. In failing to consider this finding, ALJ Thawley erred and failed to comply with Social Security Ruling 06-03p. As such, it is proper to grant the claimant's motion for judgment on the pleadings and remand this matter to the Commissioner.

2

Case 4:12-cv-00018-BO   Document 30   Filed 01/25/13   Page 2 of 3

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, the defendant's motion for judgment on the pleadings is DENIED, and the action is REMANDED to the Commissioner for proceedings consistent with this Order.

SO ORDERED.

This 25 day of January, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE